**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Alfieri, | No. CV-25-04360-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Cortland Management LLC, | |
| Defendant. | |

Plaintiff Anthony Alfieri filed a complaint and an application to proceed in forma pauperis. (Docs. 1, 3.) The application is granted but the complaint is dismissed. *See* 28 U.S.C. § 1915(e) (court should dismiss in forma pauperis complaint that does not state claim for relief).

### BACKGROUND

Alfieri's complaint alleges the following. Sometime prior to August 2024, Alfieri began renting an apartment at a complex in Peoria. That complex is operated by defendant Cortland Management LLC. Alfieri alleges that "[s]tarting in August 2024 Cortland Management have sent over 10 plus notices for noise complaints during non quiet hours (9am – 10pm)." (Doc. 1 at 4.) All of those complaints were due to Alfieri's young daughter "playing and laughing and being a kid." (Doc. 1 at 4.) On September 3, 2025, "Cortland sent a mass e-mail for 'loud bass music' from 1am – 3pm [sic] not knowing where the noise was coming from." (Doc. 1 at 4.) On September 6, 2025, Alfieri "was served a 10 day eviction or cure notice due to loud running and screaming and loud music from 1am –

3am." (Doc. 1 at 4.) A security guard was dispatched to Alfieri's apartment that same day, but the officer did not hear any noise and left.

The week after receiving his eviction notice, Alfieri received an email from a "community manager." (Doc. 1 at 6.) The email told Alfieri "to just 'ignore' the eviction and if anything else comes about [the manager] will reach out." (Doc. 1 at 6.) On September 15, 2025, Alfieri "filed a 903 HUD complaint[1] due to the discrimination towards [his] child." (Doc. 1 at 6.) The next night the Peoria police department went to Alfieri's apartment "about a noise complaint." (Doc. 1 at 6.) There are no allegations what occurred with the police department, but approximately an hour later an apartment security officer arrived at Alfieri's apartment based on "another noise complaint for bathtime splashes." (Doc. 1 at 6.)

At some point after Alfieri filed his HUD complaint his "month to month rent shot to $2800.00 if [he] did not sign a new lease while new tenants got $1450." (Doc. 1 at 6.) Alfieri believes the threatened rent increase was "[r]etaliation for being a single parent." (Doc. 1 at 6.) Alfieri alleges all of the noise complaints are "aimed at [his] four year old [daughter]" because he has never received noise complaints when his daughter is not present. (Doc. 1 at 4.) The lack of complaints when she is not present means—according to Alfieri—"it's [his daughter] they're hunting. not noise, not me." (Doc. 1 at 4.)

Alfieri alleges two claims under the Fair Housing Act ("FHA") against Cortland Management. First, a claim under 42 U.S.C. § 3604(b) for "discrimination based on familial status." (Doc. 1 at 3.) Second, a claim under 42 U.S.C. § 3617 for retaliation. (Doc. 1 at 3.) Alfieri has not provided sufficient factual allegations to support either theory.

**ANALYSIS**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

---

[1] "A HUD 903 complaint form is a document that allows individuals to file a housing discrimination complaint with HUD." *Humphries v. U.S. Dep't of Hous. & Urb. Dev.*, No. 24-CV-4184, 2024 WL 4988975, at *1 n.4 (E.D. Pa. Dec. 4, 2024).

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 793 (9th Cir. 1986) ("wholly vague and conclusory allegations are not sufficient" to state a plausible claim for relief.).

### A. Disparate Treatment Claim Under Section 3604(b)

Section 3604(b) of the FHA "prohibits discrimination on protected grounds," including familial status, "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1139 (9th Cir. 2024) (simplified). "Disparate treatment claims under the FHA," such as the one Alfieri hopes to pursue in this case, "are often reviewed using the three-stage burden-shifting test derived from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)." *Id.* at 1139-40. The first step in the burden-shifting test is for a plaintiff to "establish a prima facie case."[2] *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997). That requires Alfieri allege sufficient facts showing he is a member of a protected class, he suffered an adverse impact, and the adverse impact "was, at least in part, because of [his] protected class status." *Moore v. C.F.Y. Dev. Inc.*, No. 2:25-CV-0034-DAD-CKD (PS), 2025 WL 2636311, at *1 (E.D. Cal. Sept. 12, 2025).

Alfieri adequately alleges he is a member of a protected class because of his minor child. *See United States v. City of Hayward*, 36 F.3d 832, 834 (9th Cir. 1994) ("In 1988

---

[2] The requirement of establishing a prima facie case is an "evidentiary standard" and not a "pleading requirement[]." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). But it is helpful to consider the elements of a prima facie case when assessing the plausibility of a complaint. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (holding a plaintiff is not required to "establish a prima facie case in her complaint" but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim"). In addition, a plaintiff need not proceed through "[t]he *McDonnell Douglas* framework" because it "is only one way of establishing a disparate treatment claim." *Morris*, 104 F.4th at 1140. But if not using *McDonnell Douglas*, Alfieri would need allegations of "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the defendant." *Id.* (simplified). Alfieri's complaint contains no such allegations.

Congress amended the FHA to prohibit discrimination against families with minor children."). But Alfieri does not provide sufficient facts of any actionable adverse treatment to support a claim for relief. The complaint alleges Alfieri received multiple noise complaints, an eviction notice, and increased rent if he "did not sign a new lease." (Doc. 1 at 6.) But Alfieri does not link the noise complaints to any concrete harm, such as fines. In addition, it appears the threatened eviction did not occur and Alfieri was later told "to just 'ignore' the eviction" notice. (Doc. 1 at 6.) Finally, it is not clear whether Alfieri was actually required to pay a higher monthly rent. "[T]o support a disparate treatment claim, [Alfieri] must be able to point to *some* concrete adverse impact suffered as a result of [Cortland's] behavior." *Morris*, 104 F.4th at 1142. Because the current complaint does not identify any concrete harm, Alfieri has not alleged the second element of a prima facie case.

Even assuming Alfieri identified actionable harm, he has not provided sufficient factual allegations linking that harm to his familial status. The FHA does not require the alleged discriminatory purpose be "the sole purpose of the challenged action." *Id.* at 1140 (simplified). Rather, the discriminatory purpose need only be "a motivating factor." *Id.* (simplified). But Alfieri has not provided *any* factual allegations showing a discriminatory purpose motivated the relevant actions. For example, Alfieri has not identified any "similarly situated party" who was treated more favorably. *Smith-Jeter v. Artspace Everett Lofts Condo. Ass'n*, No. C14-1584-JPD, 2016 WL 898543, at *5 (W.D. Wash. Mar. 9, 2016), *aff'd*, 689 F. App'x 862 (9th Cir. 2017). Without allegations linking the alleged harms to Alfieri's familial status, there is only a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. That is not enough and the disparate treatment claim is dismissed with leave to amend.

### B. Retaliation Under Section 3617

The FHA prohibits retaliation against an individual who has "exercised or enjoyed . . . any right granted or protected" by the FHA. 42 U.S.C. § 3617. A claim for retaliation under the FHA requires Alfieri allege "(1) [he] was engaged in protected activity; (2) [he]

suffered an adverse action; and (3) there was a causal link between the two." *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 670 (9th Cir. 2025) (simplified). The first element appears satisfied by Alfieri's allegation that he submitted a "HUD complaint" on September 15, 2025. But as with Alfieri's disparate treatment claim, is not clear what "adverse action" Alfieri believes he suffered as a result of his HUD complaint. Alfieri's allegations regarding noise complaints, an eviction notice that did not result in eviction, and a threatened increase in rent may not qualify as adverse actions. But more importantly, Alfieri has not provided any factual allegations linking his HUD complaint to the alleged adverse actions.

Alfieri identifies the date of his HUD complaint but he does not allege when Cortland Management learned of that complaint such that temporal proximity might provide some support to a causal relationship. Nor has Alfieri alleged any other facts—such as statements by employees of Cortland Management—hinting to a link between his HUD complaint and later events. Without allegations that might support a causal relationship, Alfieri's retaliation claim fails.

### C. Leave to Amend

Alfieri's complaint is dismissed with leave to amend. If he chooses to amend, Alfieri must include additional factual allegations clearly identifying the actionable harms he suffered and why he believes those harms occurred because of his familial status.

/
/
/
/
/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. No later than **December 10, 2025**, plaintiff shall file an amended 2complaint. The Clerk of Court shall enter a judgment of dismissal with prejudice if no amended complaint is filed by that date.

Dated this 1st day of December, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge